1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

9 Macaela Cashman,                                        )                CV 05-00415-TUC-RCC (JCG)
                  Plaintiff,                     )

10                                 )                **REPORT AND**
vs.                                                              )                **RECOMMENDATION**

11                                 )

12 Nationwide Insurance Company of                     )
America, Allied Insurance and AMCO          )
Insurance Co.,                                                   )

13                                 )
               Defendants.                )

14 _____)

15         Pending before the Court is the Motion to Dismiss Plaintiff's Class Action Complaint

16 filed by Defendants AMCO Insurance Company ("AMCO"), Nationwide Insurance

17 Company of America ("NICOA"), and Allied Property and Casualty Insurance, ("Allied")

18 (collectively, "Defendants") on August 3, 2005 (Doc. No. 9).  Plaintiff Macaela Cashman

19 ("Plaintiff") filed a response on September 12, 2005 (Doc. No. 19) and Defendants filed a

20 reply on October 3, 2005 (Doc. No. 22).  Oral argument was heard on October 18, 2005.

21 Plaintiff asserts claims against Defendants for breach of contract and bad faith arising from

22 the alleged use of formula based utilization review processes by Defendants.  Defendants

23 assert that Plaintiff's Complaint must be dismissed for failure to state a claim pursuant to

24 Rule 12(b)(6), Fed.R. Civ.P.

25         Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate

26 Judge Guerin for a Report and Recommendation.  The Magistrate Judge recommends the

27 District Court, after its independent review of the record, enter an Order granting in part and

28 denying in part Defendants' Motion.

**Factual and Procedural Background**

According to the Complaint, Plaintiff was injured in two automobile accidents that occurred on January 22, 2003 and March 27, 2003.[1]  (Complaint ¶¶ 5-6).  At the time of the accidents, Plaintiff was covered by a personal automobile insurance policy ("the Policy") issued by Defendants.  (Complaint ¶¶ 5-6).   The Policy requires Defendants to "pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury (1) caused by accident; and (2) sustained by an insured." (Complaint ¶4 and Ex. A). Plaintiff sought reimbursement of her medical expenses from Defendants, but Defendants refused to pay her medical providers' bills in full.  (Complaint ¶ 10).  Instead, Defendants decreased the amounts owed to medical providers using a formula to determine a "usual and customary" charge based on "prevailing billing practices" of other medical providers in the same geographic area.  (Complaint ¶ 10).  As a result, Defendants failed to reimburse Plaintiff for approximately $1,141.99 of her medical expenses incurred as a result of injuries she sustained in the car accidents.   By failing to pay the bills in full, Plaintiff claims, Defendants breached their contractual obligations under the Policy and acted in bad faith. (Complaint ¶¶ 34-42).  Plaintiff anticipates representing a like class of affected insured. (Complaint ¶¶ 18-33).

Plaintiff filed her Complaint against Defendants on May 23, 2005 in Pima County Superior Court.  Defendants removed the case to the United States District Court for the District of Arizona and subsequently filed a joint motion to dismiss the Complaint pursuant to Rule 12(b)(6).  Defendants argue that the Complaint is deficient because it fails to specify which claims are asserted against each discrete Defendant and that it fails to state a claim for breach of contract or for bad faith.  At oral argument, Defendants conceded that the Plaintiff might be able to remedy some of these defects by amending the Complaint.

---

[1]     On a motion to dismiss, the Court accepts the facts alleged in the Complaint as true. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**Standard of Review**

Under Rule 12(b)(6), the Court can dismiss claims where Plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (quoting Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957)).

Ordinarily, the Court may look only at the face of the complaint to decide a motion to dismiss.  See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  However, when a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal is proper without converting the motion to one for summary judgment.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); see also Fed.R.Civ.P. 12(b).

**Discussion**

Defendants make three arguments in support of their 12(b)(6) motion:  (1) Plaintiff failed to specify what claims are asserted against each discrete Defendant; (2) Plaintiff failed to state a claim for breach of contract; and (3) Plaintiff failed to state a claim for bad faith.

**A.     Failure to Specifically Assert Claims**

Defendants allege that Plaintiff's Complaint fails to apprise each Defendant of the specific claims against it, as required by Federal Procedure Rule 8(a)(2).  See Conley v. Gibson, 355 U.S. 41, 47 (1957) ("the Rules require ... 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  Because Plaintiff refers to AMCO, Allied, and Nationwide as "Defendants" instead of as separate legal entities, Defendants claim Plaintiff's Complaint should be dismissed.

While the cases Defendants cite do state that corporations are separate legal entities,

3

1    see Ferrarell v. Robinson, 11 Ariz.App. 473, 465 P.2d 610 (Ct. App. 1970) and Copperweld

2    Corp. v. Independence Tube Corp., 467 U.S. 752, 786 (1984), it does not follow that

3    corporations cannot be referred to as "defendants" because they are separate legal entities.

4    Plaintiff's Complaint, at a succinct eight pages, is not difficult to understand nor is it

5    unintelligible what counts are alleged against which defendant corporation.  Plaintiff alleges

6    all counts against all three Defendants.  Accordingly, the Complaint does sufficiently apprise

7    each Defendant of the claims against it.

8           **B.    Failure to State Claim for Breach of Contract**

9           In order to state a claim for breach of contract, Plaintiff must allege the existence of

10   a contract, breach, and resulting damages.  Clark v. Compania Ganadera de Cananea, S.A.,

11   95 Ariz. 90, 94, 387 P.2d 235, 238 (1963); Chartone, Inc. v. Bernini, 207 Ariz. 162, 170, 83

12   P.3d 1103, 1111 (App. 2004).  Defendants allege Plaintiff fails to state a claim for breach of

13   contract because she has failed to allege a breach or injury.  In addition, Defendants contend

14   that Plaintiff cannot state a claim for breach of contract against Allied or Nationwide because

15   Plaintiff has not alleged contractual privity with either entity.

16          **1.    Breach**

17          The Policy requires only that Defendants "pay reasonable expenses incurred for

18   necessary medical … services …."  Defendants assert that because Plaintiff failed to allege

19   that Defendants did not pay reasonable medical expenses, Plaintiff has not properly alleged

20   a breach.

21          A review of the Complaint indicates that Defendants are correct.  Plaintiff has alleged

22   that the Policy requires Defendants to pay "reasonable expenses incurred within three years

23   from the date of an accident."  (Complaint ¶ 4).  Plaintiff does not allege anywhere in her

24   Complaint that the amount reimbursed by Defendants was not "reasonable."  Instead,

25   Plaintiff alleges that Defendants breached the Policy by failing to pay the "full" amount.

26   (Complaint ¶ 10).  Because, under the plain language of the Policy, Defendants were not

27   contractually required to pay the "full" amount of Plaintiff's medical expenses, Plaintiff has

28   not properly alleged a breach of the Policy.

4

1        **2.     Injury**

2           Defendants further claim that Plaintiff has not properly alleged an injury, because she

3   has failed to allege that she paid the balance of the providers' charges, which Defendants

4   allegedly refused to pay.  In her briefs and at oral argument, Plaintiff did not contend that her

5   Complaint was intended to allege that she has been billed for or has paid to the medical

6   providers those amounts that Defendants refused to reimburse.  Instead, Plaintiff argues that

7   she is not required to allege actual payment or indebtedness in order to properly allege an

8   injury. This Court agrees with Plaintiff.  Plaintiff may demonstrate that Defendants breached

9   their contract with Plaintiff if she can prove that they were contractually obligated to pay her

10  the medical expenses that she incurred, and that they failed to do so.  See Samsel v. Allstate

11  Ins. Co., 204 Ariz. 1, 9, 59 P.3d 281, 289 (Ariz. 2002) (collecting cases holding that expenses

12  are actually incurred by an insured when he or she has become legally liable for them, even

13  when those expenses have been paid by others).  Plaintiff is not required to demonstrate that

14  she has actually paid for her medical expenses, or even that the medical providers are seeking

15  such payment from her.  See id.  The Complaint specifically alleges that Plaintiff incurred

16  medical expenses as a result of the accidents, that those expenses should have been covered

17  under the language of her policy, that "Plaintiff requested payment from Defendants for the

18  billings from Dr. Roberts and Dr. Walter . . . [and that Defendants] refused to pay the full

19  amount."  (Complaint ¶¶ 4-10).  Assuming the amounts billed were reasonable expenses

20  covered by the policy, Plaintiff has properly alleged that she has been denied the benefit of

21  her bargain with Defendants.

22       **3.     Proper Parties to the Breach of Contract Claim**

23          Defendants allege that Plaintiff has failed to state a claim against Allied or Nationwide

24  because the Policy was only alleged to be a contract between Plaintiff and AMCO, not

25  Plaintiff and Allied or Nationwide.  See Stratton v. Inspiration Consolidated Copper Co., 140

26  Ariz. 528, 530-31, 683 P.2d 327, 329-30 (App. 1984) (privity of contract is required in order

27  to state a claim for breach of contract).  This Court finds that this argument must be rejected

28  with respect to Allied at this stage in the proceedings.  Plaintiff's Complaint alleges that

1  "Defendants' motor vehicle policy" is attached to the Complaint, and the accompanying

2  exhibit includes various documents suggesting that the Policy could have been issued by

3  AMCO or Allied.  Although the cover page of the Policy is captioned "AMCO Insurance

4  Company," the Policy is accompanied by a letter that reads "Thank you for selecting Allied

5  Insurance," "Allied is committed to providing you high quality insurance," "Allied has

6  provided reliable, affordable insurance protection," "If you have any questions ... contact you

7  Allied agent," and "review you policy ... online at myAlliedPolicy.com."  The insurance

8  cards issued to Plaintiff were labeled with the Allied logo.  Most importantly, the Policy is

9  signed by representatives of AMCO and Allied.  While Defendants may be able to ultimately

10 prove that Plaintiff had no contract with Allied, the issue is better left to summary judgment

11 proceedings, after the parties have had the opportunity to exchange disclosures and engage

12 in discovery.

13      Plaintiff has failed to allege, however, sufficient facts to support a breach of contract

14 claim against Nationwide.  Although Plaintiff alleges that the Policy was issued by all three

15 Defendants, the policy attached to the Complaint does not support that claim.  Nationwide

16 is not mentioned in the Policy.  The only reference to Nationwide anywhere in the exhibit

17 is in the letterhead to the cover letter for the Policy, which states only that Allied Insurance

18 is "a member of Nationwide Insurance."

19      Plaintiff argues that Nationwide may nonetheless be named as a Defendant under the

20 "juridical link" exception, wherein a class claim is allowed to extend beyond the specific

21 entity that injured the named plaintiff if the defendants are related by a concerted scheme.

22 See Payton v. County of Kane, 308 F.3d 673, 678-80 (7th Cir. 2002).  The Complaint,

23 however, does not include allegations from which the Court can infer a concerted scheme

24 among the Defendants, and therefore the juridical exception cannot be applied to prevent

25 Nationwide's dismissal.[2]

26

27      [2]    The Court notes that Defendants relied upon the aggregate damages of Allied, AMCO and
28 Nationwide in order to secure the jurisdiction of the federal court under the Class Action Fairness Act.  In
   the event that Plaintiff elects not to amend her Complaint to properly allege claims against Nationwide,
   Plaintiff may have grounds to file a motion for remand of this action to the state court.

1    **C.    Failure to State a Bad Faith Claim**

2    Defendants contend that Plaintiff has failed to state a claim for bad faith because she

3    has not met the minimal pleading requirements.

4    In order to state a claim for bad faith, Plaintiff must demonstrate that Defendants acted

5    unreasonably and that they either knew their conduct was unreasonable or acted with such

6    reckless disregard that such knowledge can be imputed to Defendants.  See Deese v. State

7    Farm Mut. Auto Ins. Co., 172 Ariz. 504, 507, 838 P.2d 1265, 1268 (1992).  Plaintiff's

8    Complaint does not include specific allegations with respect to her claim for bad faith.

9    Instead, Plaintiff's claim states "Count Two:  Bad Faith" and then incorporates by reference

10   the other allegations of the Complaint.  (Complaint ¶¶ 39-42).  A review of the allegations

11   in the Complaint, however, indicates that the elements of Plaintiff's bad faith claim can be

12   inferred from the facts alleged.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th

13   Cir.1986) (stating that the Court must accept as true the factual allegations of the complaint

14   and indulge all reasonable inferences to be drawn from them, construing the complaint in the

15   light most favorable to the plaintiff).

16   Plaintiff has alleged that Defendants acted unreasonably.  Plaintiff claims that

17   Defendants' reductions "were not based upon an individualized review or consideration of

18   Plaintiff's individual medical condition, of Dr. Roberts' and Dr. Walters' qualifications, or of

19   the actual treatment and services they provided to Plaintiff.  Rather, the reductions were

20   determined by a computerized utilization review program designed to categorize similar

21   medical treatment, and apply coded reductions based upon a mathematical comparison to a

22   predetermined rate for the assigned category of treatment."  (Complaint ¶ 13).  This

23   allegation implies that Plaintiff believes it to be unreasonable for Defendants to determine

24   reimbursement using a computer program, as opposed to an actual review of Plaintiff's

25   situation.  In addition, Plaintiff alleges that Defendants' computerized utilization reduction

26   program resulted in a $60.00 bill being reduced by Defendants to $59.59.  (Complaint ¶ 11).

27   The obvious implication of this allegation is that Defendants are acting unreasonably in

28   agreeing to reimburse all but $0.41 of a $60.00 claim.  Plaintiff has also specifically alleged

7

that Defendants acted with intent. (Complaint ¶ 42). Accordingly, Plaintiff has sufficiently stated a claim for bad faith such that Defendants are on notice of the nature of the claim.

The Court notes, however, that although Plaintiff's bad faith claim is fairly stated, it has only been properly alleged against Allied and AMCO. Because, as explained above, Plaintiff has failed to properly allege that Nationwide was a party to the Policy, Plaintiff has failed to state a claim against Nationwide for bad faith.

**D.    Leave to Amend**

The Ninth Circuit has adopted a policy of liberally granting leave to amend a complaint dismissed on a 12(b)(6) motion.  See, e.g., Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787 (9th Cir. 1963).  At oral argument, Defendants conceded that the Plaintiff might be able to remedy some of these defects by amending the Complaint, and this Court agrees.  Accordingly, the Magistrate Judge recommends dismissing the Complaint without prejudice and granting Plaintiff leave to amend the Complaint.

**Recommendation**

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

**GRANTING** in part and denying in part Defendants' Motion to Dismiss(Doc. No. 9);

**GRANTING** Defendant's Motion to Dismiss Count One of the Complaint (breach of contract claim);

**GRANTING** Defendant's Motion to Dismiss Nationwide Insurance as a Defendant;

**DENYING** Defendant's Motion to Dismiss Count Two of the Complaint (bad faith claim); and

**GRANTING** Plaintiff leave to amend the Complaint.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

**DATED** this 8th day of March, 2006.

_____
Jennifer C. Guerin
United States Magistrate Judge