IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MACAELA CASHMAN,<br><br>     Plaintiff,<br><br>vs.<br><br>ALLIED INSURANCE and AMCO INSURANCE COMPANY,<br><br>     Defendants. | No. CV 05-415-TUC-RCC<br><br>**ORDER** |

This matter is before the Court upon the Parties' Motion(s) for Preliminary Approval of Proposed Stipulation of Class Action Settlement. Having reviewed the record, heard argument of counsel, and being otherwise fully advised in the premises, it is

**ORDERED** that the Parties' Motion(s) for Preliminary Approval of Proposed Stipulation of Class Action Settlement is **GRANTED** as follows:

**Preliminary Approval of the Proposed Settlement**

1.   The Court has jurisdiction over the subject matter of this action, and over the Parties and the Settlement Class (as defined below).

2.   For the purposes of preliminarily certifying the Settlement Class and considering the proposed Stipulation of Class Action Settlement (the "Stipulation"), the Court exercises concurrent jurisdiction with the District Court of Nueces County, Texas in

the case styled *Garza v. Nationwide Mutual Insurance Company, et al.,* District Court of Nueces County, Texas, Cause No. 02-06322-E (the "Garza Action").

3. The Court preliminarily approves the proposed settlement and finds that: (a) the proposed settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiffs' claims; (b) the proposed settlement of this action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed settlement evidenced by the Stipulation is sufficiently fair, reasonable and adequate to warrant providing notice of this action and the proposed settlement to the Settlement Class Members and holding a full hearing on the proposed settlement.

4. Capitalized terms used in this Preliminary Approval Order (this "Order") that are not otherwise defined in this Order shall have the meanings assigned to them in the Stipulation.

**Preliminary Certification of the Settlement Class**

5. The Court preliminarily approves the Stipulation and its attached exhibits, which are Exhibits: (1) and (2), the Preliminary Approval Orders; (3) the Notice of Proposed Class Action Settlement and Fairness Hearing ("Mail Notice"); (4) the Publication Notice; (5) the Insured's Claim Form; (6) the Provider Claim Form; and (7) and (8), the Final Orders and Judgments.

6. For purposes of settlement of this action (and only for such purposes, and without an adjudication on the merits or a determination of whether a class should be certified if the settlement is not approved or does not otherwise become final), and pursuant to Federal Rule of Civil Procedure 23, this action is preliminarily certified as a class action on behalf of the following Settlement Class:

> All persons, and their medical providers, who were covered under personal injury protection, medical payments, workers' compensation, or other no-fault or first party medical expense coverages pursuant to an insurance policy issued by a Nationwide/Allied company or one of their affiliates in Covered

> States: (a) who made an insurance claim to Nationwide/Allied under one or more of the foregoing insurance coverages; (b) who during the Class Period submitted, directly or indirectly, to Nationwide/Allied charges for payment of medical bills that were reviewed or audited; and (c) who received or were tendered payment by Nationwide/Allied in an amount less than the full amount charged under a policy where the applicable coverage limits were not exhausted.
>
> "Covered States" means and includes all states within the United States, except the following excluded states: Delaware, Florida, Hawaii, New Jersey, New York and Pennsylvania.
>
> "Class Period" means the period from December 1, 1992 through November 8, 2007.
>
> Excluded from the Settlement Class are: (i) Nationwide/Allied, any entities in which Nationwide/Allied has a controlling interest, and all of their legal representatives, heirs and successors; (ii) members of the judiciary; and (iii) any claims resolved and/or discharged or released prior to November 8, 2007.

The Court expressly reserves the right to determine, should the occasion arise, whether the above-captioned action may continue to be certified as a class action for purposes other than settlement, and Nationwide/Allied retains all rights to assert that this action may not be certified as a class action except for settlement purposes.

7.   As used in this Order and as defined in the Stipulation, "Nationwide/Allied" means the named defendants in the Lawsuits, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide General Insurance Company, Allied Property and Casualty Insurance Company, Allied Insurance and AMCO Insurance Company, and each and all of their present and former affiliates, related companies, parent companies, subsidiaries, predecessors, successors or assigns, whether or not named herein, including Nationwide Mutual Fire Insurance Company, Nationwide Insurance Company of America, Nationwide Life Insurance Company, Nationwide Assurance Company f/k/a Colonial Insurance Company, Nationwide Indemnity Company, Nationwide Corporation, Nationwide Insurance, Nationwide Affinity Insurance Company

of America, National Casualty Company, Nationwide International Underwriters, Nationwide Lloyds, Depositors Insurance Company, CalFarm Insurance Company, Colonial County Mutual Insurance Company, Farmland Mutual Insurance Company, Lone Star General Agency, Inc., Allied Group, Inc., Allied General Agency Company, Colonial Insurance Company of California, Colonial Insurance Company of Wisconsin, Titan Indemnity Company, Titan Insurance Company and each and all of their respective past, present or future officers, directors, associates, stockholders, controlling persons, representatives, employees, attorneys, accountants, financial or investment advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators.

8. Yolanda Garza, Acuna P.T., Gerald H. Bemis, Sr., D.C., Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., are permitted to intervene for the sole purpose of serving as class representatives for the proposed Settlement Class (as defined above) and, together with plaintiff Macaela Cashman, are designated as the representatives of the Settlement Class for the purpose of seeking approval of the settlement of this action, and are referred to herein as the "Class Representatives."

9. Counsel for Yolanda Garza, Acuna P.T., Gerald H. Bemis, Sr., D.C., Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., and Macaela Cashman are hereby preliminarily approved as counsel for the Settlement Class for purposes of seeking approval of the settlement of this action, and are referred to herein as "Class Counsel." Class Counsel are as follows:

>Austin Tighe
>Feazell & Tighe LLP
>6300 Bridgepoint Parkway
>Bridgepoint 2, Suite 220
>Austin, TX 78730

- 4 -

Paul M. Weiss
Freed & Weiss LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602

Bradley M. Lakin
Jonathan Piper
The Lakin Law Firm, P.C.
300 Evans Avenue, Box 229
Wood River, Illinois 62095

Bruce G. Macdonald
Todd Jackson
McNamara, Goldsmith, Jackson & Macdonald, P.C.
1670 E. River Road, Suite 200
Tucson, AZ 85718

10. Under Federal Rule of Civil Procedure 23, the requirements of class certification are divided into two subsections, Rules 23(a) and 23(b). For a class to be certified, each of the four requirements of Rule 23(a), as well as one of the three requirements of Rule 23(b) must be satisfied. As established below, the Court preliminarily finds for purposes of the settlement of this action (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved or does not otherwise become final), that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met.

11. Rule 23(a)(1) requires that the members of the settlement class are so numerous that separate joinder of each member is impracticable. Here, the Settlement Class contains thousands of members. Thus, the numerosity requirement is satisfied.

12. Rule 23(a)(2) requires that the claims or defenses of the class representatives raise questions of law or fact common to the questions of law or fact raised by the claims or defenses of each member of the settlement class. "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual

- 5 -

predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *see also Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1225 (9th Cir. 2007). Here, the claims of the Class Representatives are uniform with respect to the claims of the Settlement Class Members to the extent that they relate to Nationwide/Allied's alleged conduct. Thus, the commonality requirement is satisfied.

13. Rule 23(a)(3) requires that the claims or defenses of the class representatives are typical of the claims or defenses of each member of the settlement class. The typicality requirement is satisfied if the class representatives demonstrate that their claims have the same essential characteristics as those of the class as a whole. "Under the rule's permissive standards, representative claims are co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1220, *see also Dukes*, 474 F.3d at 1232. Here, the claims of the Class Representatives arise from the same course of alleged conduct which give rise to the claims of all the Settlement Class Members. Thus, the typicality requirement is satisfied.

14. Rule 23(a)(4) requires that the class representatives and class counsel can fairly and adequately protect and represent the interests of each member of the settlement class. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1220, *see also Dukes*, 474 F.3d at 1233. Here, the Class Representatives have the same interest in attempting to establish their claims against Nationwide/Allied. Additionally, the Class Representatives and the Settlement Class Members are represented by experienced, able counsel. Thus, adequacy of representation is satisfied.

15. Rule 23(b)(3) requires that the questions of law or fact common to the claims or defenses of the class representatives and the claims or defenses of each member of the

settlement class predominate over any questions of law or fact affecting only individual members of the settlement class. "'When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.'" *Hanlon*, 150 F.3d at 1220, *quoting* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1778 (2d ed. 1986). Here, the common issues of the Settlement Class predominate over individual issues. The core issues concerning the tender of payments by Nationwide/Allied in amounts less than the full amount charged under a policy where the applicable coverage limits were not exhausted are common to the Settlement Class. Thus, the predominance of common questions is satisfied.

16. Rule 23(b)(3) also requires that class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these issues include: (a) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Here, a class action is superior because, given the relatively small individual amounts in controversy, the economic interests of the Settlement Class Members are better served through a class action. Additionally, the Parties have represented to this Court and the court presiding over the Garza Action, that they find it desirable to concentrate the existing litigation in those forums and to conclude their settlement therein. Finally, because superiority is assessed in the context of a proposed class settlement, the Court need not consider manageability issues that might be presented in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

17. As established above, the Court further preliminarily finds for purposes of the settlement of this action, and only for such purposes, that the requirements for preliminary certification of a settlement class under Federal Rule of Civil Procedure 23, and any other applicable law, have been met.

**Fairness Hearing**

18. A hearing (the "Fairness Hearing") will be held on March 17, 2008, at 1:30 p.m. to determine:

(a) whether this action should be finally certified as a class action for settlement purposes;

(b) whether the proposed settlement of this action should be approved as fair, reasonable and adequate;

(c) whether this action should be dismissed on the merits and with prejudice pursuant to the terms of the proposed settlement;

(d) whether Settlement Class Members should be bound by the release set forth in the Stipulation;

(e) whether Class Counsels' application for an award of attorneys' fees and expenses should be approved; and

(f) whether the Class Representatives' application for incentive awards should be approved.

**Pre-Hearing Notice to Settlement Class Members**

19. The appointment of a "Settlement Administrator," as agreed in the Stipulation, is approved for purposes of providing notice, administering requests for exclusion and other communications with Settlement Class Members, and otherwise administering the proposed settlement pursuant to the Stipulation and the Order(s) of this Court and the court presiding over the Garza Action.

20. Pursuant to the terms of the Stipulation, Nationwide/Allied shall cause, through the Settlement Administrator, the Mail Notice, together with either an Insured's Claim Form or a Provider Claim Form, as the case may be, to be provided to potential Settlement Class Members, and such other notice to be provided, as set forth below.

(a) **The Mail Notice**.  Within forty-five (45) days of the entry of this Order or such other time as the Court may provide, the Settlement Administrator shall mail the Mail Notice, together with either an Insured's Claim Form or a Provider Claim Form, as the case may be, substantially in the forms filed with this Court as Exhibits 3 and 5 or 6 to the Stipulation, to Settlement Class Members, at their last known address of record, who are identified by a reasonable search of Nationwide/Allied's available electronic records from whom, or on whose behalf, medical expense charges have been submitted, directly or indirectly, to Nationwide/Allied within the five (5) years preceding the date of entry of this Order, which charges appear to have been submitted to review and adjustment for a Covered Claim reason under a policy where the applicable coverage limits are not identified as exhausted at the time of the Mail Notice.

(b) **Notice by Publication.**  Within fourteen (14) days of the date the Mail Notice is mailed, the Publication Notice shall be published, substantially in the form filed with this Court as Exhibit 4 to the Stipulation, in the national edition of the U.S.A. Today, The Journal of the American Medical Association, and Medical Economics.

(c) **Notice to Federal and State Officials.**  Nationwide/Allied shall direct the Settlement Administrator to provide notice to regulatory agencies as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

21. **Internet Notice.**  Nationwide/Allied shall establish and maintain, through the Settlement Administrator, a website with downloadable Claim Forms and hyperlinks to Settlement Documents and such other documents the Parties shall reasonably agree upon, as well as frequently asked questions and responses thereto, as the Parties shall reasonably

agree upon. The website shall remain operational and accessible through the end of the Notice Period.

22. **Toll Free Number.** Nationwide/Allied shall establish and maintain, through the Settlement Administrator, a toll free number which will provide recorded responses for frequently asked questions to assist Class Members, which shall remain operational through the end of the Notice Period and which will be updated upon the occurrence of significant events in the settlement administration. The recorded response shall be supplemented by live call support during the period beginning upon the commencement of the Notice Period and ending upon the expiration of the objection and opt out deadline.

23. **Re-mailing and Additional Notice**. In the event that a mailing to a Settlement Class Member containing the Mail Notice is returned to the Settlement Administrator, the Settlement Administrator shall mail the Mail Notice to the forwarding address, if one is provided by the United States Postal Service. If a forwarding address is not provided by the United States Postal Service, the Settlement Administrator shall attempt to locate a more current address for the Settlement Class Member and thereafter redeliver the Mail Notice as appropriate.

24. **Post Office Box.** The Settlement Administrator shall rent a post office box, at Nationwide/Allied's expense, to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, Class Counsel, Nationwide/Allied and its counsel, the Courts, and their designated agents shall have access to this post office box, except as otherwise provided in the Stipulation.

25. **Proof of Mailing and Publication**. At or before the Fairness Hearing to be conducted by this Court, the Settlement Administrator shall file with the Court a proof of mailing of the Mail Notice and publication of the Publication Notice.

26. The Settlement Administrator shall promptly furnish Class Counsel and counsel for Nationwide/Allied with copies of any and all written objections, requests for exclusion, and notices of intention to appear.

27. Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members (i) of the pendency of the Lawsuits, (ii) of their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion, and (iv) that any Settlement Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel.  The Court further finds that the Mail Notice and the Publication Notice are written in plain English and are readily understandable by Settlement Class Members.

**Exclusion/Opt Out from Settlement Class**

28. Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely submit a written request for exclusion (a/k/a Opt Out) to the Settlement Administrator in the manner set forth below.

(a) Any written request for exclusion must contain the following:  (i) the Settlement Class Member's name, and any former names under which the Settlement Class Member may have been insured by Nationwide/Allied (if insured) or any former names, fictitious names, or other names under which medical bills may have been submitted to Nationwide/Allied (if a provider); (ii) the Settlement Class Member's policy number or last four digits of the Class Member's Social Security Number (if a person) or Tax I.D. number

(if an entity); (iii) the Settlement Class Member's address; (iv) the Settlement Class Member's expression of the desire to opt out or be excluded from the Settlement Class; and (v) the Settlement Class Member's signature or the signature of an authorized representative of the Settlement Class Member.  A separate request for exclusion must be submitted by each person or entity requesting exclusion.

(b)  Any written request for exclusion must be sent by first-class mail, postage prepaid, and postmarked no later than sixty (60) days after mailing of the Mail Notice, and addressed to the Settlement Administrator at the address identified in the Mail Notice and the Publication Notice.

29. At or before the Fairness Hearing to be conducted by this Court, the Settlement Administrator shall file with the Court (under seal or as may otherwise be ordered by the Court to protect personal information) a list identifying all persons or entities who timely submitted written requests to be excluded from the Settlement Class complying with this Order.

30. If the proposed settlement is approved by the Courts, any Settlement Class Member who has not submitted a timely, written request for exclusion from the Settlement Class complying with this Order and the Mail Notice shall be bound by all proceedings, orders and judgments by the Courts, as well as the Release set forth in the Stipulation, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release set forth in the Stipulation.

**Objections**

31. Any Settlement Class Member who has not excluded himself, herself, or itself from the Settlement Class may submit a written objection for the Courts' consideration, including without limitation, objections to the final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representatives or by Class Counsel, the request of Class

Counsel for fees and expenses or the compensation to the Class Representatives, in the manner set forth below.

    (a) Each objection must be in writing and include: (i) a prominent identifying reference to the case as follows "Nationwide/Allied Medical Expense Coverage Settlement;" (ii) the Settlement Class Member's name; (iii) the Settlement Class Member's policy number or last four digits of the Settlement Class Member's Social Security Number (if a person) or Tax I.D. number (if an entity); (iv) the Settlement Class Member's address; (v) a statement of each objection being made and any supporting documents; (vi) a statement indicating whether the Settlement Class Member intends to appear at the Fairness Hearing to be held by this Court; and (vii) a list of witnesses whom the Settlement Class Member may call by live testimony and copies of any documents or papers that the Settlement Class Member plans to submit.

    (b) The Settlement Class Member shall submit the written objection(s) to the Settlement Administrator and serve copies upon the following:

| Class Counsel | Nationwide/Allied's counsel |
|---|---|
| Austin Tighe, Esq.<br>Feazell & Tighe LLP<br>6300 Bridgepoint Parkway<br>Bridgepoint 2, Suite 220<br>Austin, TX 78730 | Edward K. Cottrell, Esq.<br>Fowler White Boggs Banker P.A.<br>50 N. Laura Street, Suite 2200<br>Jacksonville, FL 32202 |

Any such written objections must be submitted to the Settlement Administrator and served upon Class Counsel and Nationwide/Allied's counsel identified above postmarked no later than sixty (60) days after commencement of the Notice Period. The above identified Class Counsel shall provide copies of any written objections received to all other Class Counsel. The Settlement Administrator shall file any written objection(s) with the Courts at or before the Fairness Hearing to be considered by this Court.

32.     Any Settlement Class Member who does not timely file and serve a written objection complying with the terms of this Order and the Mail Notice shall be deemed to have waived, and shall be foreclosed from raising, any objection(s) to the settlement, and any untimely objection(s) shall be barred.

**Appearances at the Fairness Hearing**

33.     In order to provide for maximum consistency between the consideration of potential objections and submissions by Settlement Class Members, all Fairness Hearing appearances shall be made during the Fairness Hearing scheduled by the court presiding over the Garza Action.  The Parties shall file with this Court a transcript of the Fairness Hearing conducted in the Garza Action prior to the Fairness Hearing scheduled by this Court.  No appearance by a Settlement Class Member will be allowed at the Fairness Hearing to be held by this Court, except upon prior order by the Court upon a showing of good cause.

34.     Any Settlement Class Member who does not timely file and serve a Notice of Intent to Appear complying with this Order and the Mail Notice shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

**Preliminary Injunction (the "Stay Order")**

35.     Except as expressly excluded in the following paragraph, all Settlement Class Members, unless and until they have timely excluded themselves from the Settlement Class, are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Lawsuits and/or the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded

themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Lawsuits and/or the Released Claims; and (iii) from attempting to effect an opt out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Lawsuits and/or the Released Claims.

36. The Stay Order shall not apply to actions filed in a court of competent jurisdiction prior to the date of this Order to the extent that the action(s) assert claims of Settlement Class Members individually and on their own behalf only, except that the Stay Order will apply to such actions as of the deadline for submitting a Request for Exclusion from the Settlement Class if the Settlement Class Member fails to submit a timely and complete Request for Exclusion from the Settlement Class complying with this Order. The Stay Order shall expire ten (10) business days after submission of a Request for Exclusion, as indicated by the postmark date of such request submitted to the Settlement Administrator, as to any Settlement Class Member that submits a timely, written request for exclusion from the Settlement Class complying with this Order.

**Other Provisions**

37. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed settlement is not finally approved by the Courts, or does not become final pursuant to the terms of the Stipulation; or (b) the proposed settlement is terminated in accordance with the Stipulation or does not become effective as provided by the terms of the Stipulation for any other reason. In such event, the proposed settlement and Stipulation shall become null and void and be of no further force and effect, and neither the Stipulation nor the Court's orders, including this

Order, shall be used or referred to for any purpose whatsoever in this or any other action or proceeding.

38. Nationwide/Allied shall retain the right to communicate with and respond to inquiries from Settlement Class Members and persons who are sent the Mail Notice orally, electronically, or in writing, and it may do so through any appropriate representatives, including, without limitation, in the following respects:

(a) During the period following the date of this Order, Nationwide/Allied may continue to communicate with potential Settlement Class Members in the ordinary course of business, including processing and responding to all inquiries or complaints, notwithstanding the fact that certain complaints may originate with Settlement Class Members or persons who are sent the Mail Notice and may concern claims that otherwise could be eligible for relief under the proposed settlement.

(b) Communications by Nationwide/Allied, Class Counsel or Nationwide/Allied's designees about the proposed settlement with Settlement Class Members or persons who are sent the Mail Notice shall be made jointly to the extent possible. However, Plaintiffs' counsel may engage in privileged communications and other advice or respond to inquiries by Settlement Class Members, so long as such communications would not otherwise be inconsistent with the intent of this Subsection that communications similar in content to groups of Settlement Class Members or persons who are sent the Mail Notice be made jointly.

39. This Order shall not be construed or used as an admission, concession, declaration or finding by or against Nationwide/Allied of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes. Nor shall this Order be construed or used as an admission, concession, declaration or finding by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any

party of any defenses or claims he, she or it may have. Other than for purposes to enforce this Order or the Stipulation, if finally approved, neither this Order nor the Stipulation (or any communications or proceedings in connection therewith) shall be offered or received in evidence in this action or any other action or proceeding, or be used or asserted in any way as an admission, concession or evidence of any matter whatsoever.

40. No discovery with regard to the proposed settlement or the Stipulation shall be permitted as to any of the parties to the Stipulation, or by any Settlement Class Members or other parties, other than as may be directed by the Court upon a proper showing seeking such discovery by motion properly noticed and served in accordance with the governing rules of procedure.

41. Any petition by Class Counsel for a collective award of attorneys' fees or reimbursement of litigation costs and expenses shall be filed prior to the Fairness Hearing. However, any petition or other filing concerning allocation or distribution of such fees, costs, and expenses shall not be submitted unless and until after entry of a final order and judgment by this Court and the court presiding over the Garza Action

42. The Court may continue the Fairness Hearing without further written notice.

DATED this 8th day of November, 2007.

_____
Raner C. Collins
United States District Judge