

1    **McNAMARA, GOLDSMITH, JACKSON**
        **& MACDONALD**
2    A Professional Corporation
     1670 East River Road, Suite 200
3    Tucson, Arizona  85718
     (520) 624-0126
4    (520) 624-9238 – FAX

5    Bruce Macdonald ASB 010355
     bmacdonald@mgjmlegal.com
6    G. Todd Jackson ASB 012202
     tjackson@mgjmlegal.com
7    Sue Ann Welch ASB 010741
     sawelch@mgjmlegal.com
     Firm No. 00449800
8    Attorneys for Plaintiff

9

10

11                    **IN THE UNITED STATES DISTRICT COURT**

12                       **FOR THE DISTRICT OF ARIZONA**

13   MACAELA CASHMAN,

14                                                Case No. CIV-05-415-TUC-RCC

     Plaintiff,
15                                                **FINAL ORDER AND JUDGMENT**
                                                  **APPROVING CLASS ACTION**
     vs.                                          **SETTLEMENT AND DISMISSING**
16                                                **CLASS ACTION WITH PREJUDICE**

17   ALLIED INSURANCE and AMCO
     INSURANCE COMPANY,
18
     Defendants.
19

20

21         WHEREAS, the Parties have entered into a Stipulation of Class Action Settlement

22   filed October 29, 2007, together with related exhibits (collectively, the "Stipulation"), to

23   settle the class action claims asserted in *Cashman v. Allied Insurance, et al.*, United States

24   District Court, District of Arizona, Case No. CIV-05-415-TUC-RCC pending before this

25   Court together with the class action claims pending in other forums as set forth in the

26   Stipulation; and

WHEREAS, the Court entered an Order dated November 8, 2007 (the "Preliminary Approval Order"), certifying a class in this action in connection with the preliminarily approved settlement; ordering notice to potential class members through Mail Notice and Publication Notice; providing those persons with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed settlement; and scheduling a Fairness Hearing;

WHEREAS, for purposes of certifying the Settlement Class and considering the approval of the proposed settlement, the Court is exercising concurrent jurisdiction with the District Court of Nueces County, Texas in the case styled *Yolanda Garza v. Nationwide Mutual Insurance Company, et al.*, District Court of Nueces County, Texas, 148th Judicial Circuit, Cause No. 02-06322-E, (the "Garza Action"), which entered a Final Order and Judgment Approving Class Action Settlement and Dismissing Class Action with Prejudice (the Garza "Final Judgment") on March 6, 2008; and

WHEREAS, the Court held a Fairness Hearing on March 17, 2008, to determine whether to finally approve the proposed settlement; and

WHEREAS, the Parties have complied with the Preliminary Approval Order and the Court finds that the Stipulation is fair, adequate, and reasonable, and that it should be finally approved.

NOW THEREFORE, based on the submissions of the Parties and Settlement Class Members, any objections, any testimony adduced at the Fairness Hearing, the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1.   **Incorporation of Defined Terms**.   Except where otherwise noted, all capitalized terms used in this Order and in Appendix "A" hereto shall have the meanings set forth in Appendix "A" hereto.

2.   **Jurisdiction**.   For the purposes of approving the Stipulation, granting final certification of the Settlement Class, settling and releasing all claims arising out of the transactions alleged in the action or the Released Claims, and dismissing this action on the merits and with prejudice, the Court exercises concurrent jurisdiction with the court presiding over the Garza Action. The Court has reviewed the Final Judgment entered by the court presiding over the Garza Action, and finds that it is consistent with the final judgment being entered by the Court in this action.

### Final Class Certification

3.   **Final Settlement Approval.**  As established below, the terms and provisions of the Stipulation, including all amendments and exhibits thereto, have been entered into at arms' length and in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to each of the Parties, including the Settlement Class, and are consistent and in compliance with all requirements of due process, the Federal Rules of Civil Procedure, and any other applicable rules or law and are in the best interests of the Parties and the Settlement Class Members.  The Parties and their respective counsel are hereby directed to implement and consummate the Stipulation according to its terms and provisions.

The Court has considered the correspondence attached as Exhibit I to the Declaration of Joel K. Botzet on Behalf of the Settlement Administrator, Rust Consulting, Inc. (the "Settlement Administrator's Declaration"), together with the submission of counsel and finds that there is either no pending objection, and if the correspondence were intended to be an objection, it fails

1   to raise any issues that would call into question the fairness, adequacy, or reasonableness of the

2   settlement terms and is therefore overruled.

3          Specifically, the Court finds that the Stipulation is "fair, reasonable, and

4   adequate" pursuant to applicable rules and case law. *See* Rule 23, *Fed.R.Civ.P*; *Stanton*

5   *v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003 (citing *Hanlon v. Chrysler Corp.*, 150

6   F.3d 1011, 1026 (9th Cir. 1998)); *E.g.*, *Officers for Justice v. Civil Service Commission*,

7   688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983); *Marshall v.*

8   *Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977); *In re Warner Communications*

9   *Securities Litigation*, 618 F.Supp. 735, 740 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir.

10  1986).

11         To determine that the Stipulation is fair, reasonable, and adequate, the Court

12  applied the following factors when reviewing the Stipulation: (1) the strength of

13  plaintiffs' case; (2) the complexity, expense, and likely duration of the litigation; (3) the

14  risk of maintaining class action status throughout the trial; (4) the amount offered in

15  settlement; (5) the stage of the proceedings, including the  status of discovery; (6) the

16  respective opinions of the participants, including class counsel and class representatives;

17  and (7) the reaction of the class members. *Officers for Justice, 688 F.2d at 625.*

18

19

20         The claims resolved by this settlement raise complex issues involving an extensive

21  factual background and a variety of legal issues.  The Parties have litigated four separate

22  class actions over a number of years, and absent this resolution are likely to continue

23  litigating these issues for an extended period of time.  Both sides obviously believe they

24  are correct on the merits of their claims and defenses, but each side has a difficult burden

25  to establish their positions and the outcome is far from certain for both sides.

26         The settlement provides for cash payments to Class Members with a reasonable and well-
    suited claims process.  The payments correspond to the challenged payment reductions, and

appear reasonably and fairly adjusted based upon the risks of the litigation. The recovery of Class Members is also not reduced by an award of attorneys' fees and expenses since the settlement provides for those items to be separately funded by Nationwide/Allied.

Moreover, notice of the proposed settlement was provided to over 100,000 Class Members, to the U.S. Attorney General, and to the Attorney General and Insurance Department offices of forty-five states. Published notice was also provided in three publications targeted to reach Class Members with a collective circulation of approximately 2.7 million people. In response to this extensive notice campaign, no substantive objection was submitted. The lack of objection to the settlement thus further supports its approval.

Finally, the Parties and their counsel strongly support this settlement. After extensive arms-length negotiations involving multiple class representatives and their counsel, a resolution was arrived at with unanimous consent. The settlement will likewise serve the public interest by bringing immediate relief to Class Members and resulting in the dismissal of four pending class actions.

In sum, "there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits. . . ." *Van Bronkhurst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). After careful review of the settlement, the submissions of the Parties, and the record, the Court finds that the settlement is free from collusion and is fair, reasonable, and adequate. Accordingly, the settlement set forth in the Stipulation is approved.

4.     **The Settlement Class.** The Settlement Class that this Court previously certified in its Preliminary Approval Order is hereby finally certified pursuant to Federal Rule of Civil Procedure 23. The "Settlement Class" consists of:

> All persons, and their medical providers, who were covered under personal injury protection, medical payments, workers' compensation, or other no-fault or first party medical expense coverages pursuant to an insurance policy issued by a Nationwide/Allied company or one of their affiliates in Covered States: (a) who made an insurance claim to Nationwide/Allied under one or more of the foregoing insurance coverages; (b) who

5

during the Class Period submitted, directly or indirectly, to Nationwide/Allied charges for payment of medical bills that were reviewed or audited; and (c) who received or were tendered payment by Nationwide/Allied in an amount less than the full amount charged under a policy where the applicable coverage limits were not exhausted.

"Covered States" means and includes all states within the United States, except the following excluded states:  Delaware, Florida, Hawaii, New Jersey, New York and Pennsylvania.

"Class Period" means the period from December 1, 1992 through November 8, 2007.

Excluded from the Settlement Class are:  (i) Nationwide/Allied, any entities in which Nationwide/Allied has a controlling interest, and all of their legal representatives, heirs and successors; (ii) members of the judiciary; and (iii) any claims resolved and/or discharged or released prior to November 8, 2007.

**5.    Exclusions/Opt Outs.**  A list of those persons or entities who have timely excluded themselves from the Settlement Class (opt outs), and who therefore are not bound by this Final Order and Judgment, is attached hereto as Appendix "C," which is incorporated herein and made a part hereof for all purposes.  The Court notes that the opt out list adopted in this action is consistent with the opt out list adopted in the Garza Action.

**6.    Federal Rule of Civil Procedure 23.**  Under Federal Rule of Civil Procedure 23, the requirements of class certification are divided into two subsections, Rules 23(a) and 23(b).  For a class to be certified, each of the four requirements of Rule 23(a), as well as one of the four requirements of Rule 23(b) must be satisfied.  As established below, the Court finds that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met.

**7.   Numerosity.**  Rule 23(a)(1) requires that the members of the settlement class are so numerous that joinder of all members is impracticable.  Here, the Settlement Class contains thousands of members.  Thus, the numerosity requirement is satisfied.

**8.   Commonality.**  Rule 23(a)(2) requires that the claims or defenses of the class representatives raise questions of law or fact common to the questions of law or fact raised by the claims or defenses of each member of the settlement class.  A common question is one that when answered as to the named plaintiffs, is answered to the remaining class members.

Here, the claims of the Class Representatives are uniform with respect to the claims of the Settlement Class Members to the extent that they relate to Nationwide/Allied's alleged practice of conducting medical bill review to determine appropriate charges and payments for medical services.  Thus, the commonality requirement is satisfied.

**9.   Typicality.**  Rule 23(a)(3) requires that the claims or defenses of the class representatives are typical of the claims or defenses of each member of the settlement class. The typicality requirement is satisfied if the class representatives demonstrate that their claims have the same essential characteristics as those of the class as a whole.

Here, the Class Representatives are either insureds of Nationwide/Allied or medical providers for insureds holding a valid assignment.  They therefore stand in the same position as the Settlement Class Members vis-à-vis Nationwide/Allied.   The claims of the Class Representatives and the Settlement Class Members all seek to recover the difference between medical charges and payments made for those charges under Medical Expense Coverage benefits.  Those claims likewise all challenge reductions based upon the medical bill review process utilized by Nationwide/Allied.  Thus, the typicality requirement is satisfied.

**10.  Adequacy of Representation.**  Rule 23(a)(4) requires that the class representatives and class counsel can fairly and adequately protect and represent the interests of each member of the settlement class.

Here, the Class Representatives who were pursuing separate actions have come together to evaluate the proposed settlement and deemed it fair, reasonable, and adequate.  There is therefore no indication of any conflict among the Class Representatives or between them and the Settlement Class.  The history of the four Lawsuits, and similar claims against other insurance companies, demonstrates that the Class Representatives and their counsel have the will and resources to pursue these actions.  Each of the Plaintiffs' counsel has substantial experience in class actions and insurance issues, which independently and collectively renders them able and adequate counsel for the Settlement Class.  Thus, adequacy of representation is satisfied.

**11.  Predominance.**  Rule 23(b)(3) requires that the questions of law and fact common to the class representatives and the members of the settlement class predominate over any questions of law or fact affecting only individual members of the settlement class.

Here, the common issues of the Settlement Class predominate over individual issues. The common core issues concern the allegedly improper submission of medical charges to a medical bill review process and the resulting tender of payments by Nationwide/Allied in amounts less than the full amount charged under a Medical Expense Coverage policy where the applicable coverage limits were not exhausted.  Thus, the predominance of common questions is satisfied.

**12.  Superiority.**  Rule 23(b)(3) also requires that class representation is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters

pertinent to these issues include: (a) the interests of members of the settlement class in individually controlling the prosecution or defense of separate actions; (b) the impracticability or inefficiency of prosecuting or defending separate actions; (c) the extent and nature of any litigation concerning these claims already commenced; and (d) the desirability of concentrating the litigation of the claims in the particular forums.  Because superiority is assessed in the context of a proposed class settlement, the Court need not consider manageability issues that might be presented in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

Here, a class action is superior because, given the relatively small individual amounts in controversy, the economic interests of the Settlement Class Members are better served through a class action.  Additionally, by concentrating the settlement notice and approval process in this and the Cashman Action, the Parties have provided Class Members with consistent settlement terms, notice, benefits, and administration process.  This enhances the consistent and fair treatment of Class Members, while minimizing the opportunity for confusion or conflicts.  Thus, a class action is the superior method for the adjudication of this controversy under the circumstances presented.

**13. Notice Plan**.  The Court finds that the Notice Plan, including distribution of the Mail Notice and the publication of the Publication Notice, in accordance with the terms of the Stipulation and this Court's Preliminary Approval Order, and as explained in the declarations filed at or before the Fairness Hearing:

a)          constituted the best practicable notice;

b)          constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuits, their right to object

9

or to exclude themselves from the proposed settlement and to appear at the Fairness Hearing held by this Court, and their right to seek monetary relief as provided in the Stipulation;

c)          was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

d)          met all applicable requirements of due process and applicable law.

### Other Provisions

**14.  Binding Effect**.  The terms of the Stipulation and of this Final Order and Judgment shall be forever binding on the Class Representatives and all other Settlement Class Members, as well as their heirs, representatives, executors and administrators, successors and assigns, and those terms shall have res judicata and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the Release described in the next paragraph of, and attached as Appendix "B" to, this Final Order and Judgment.

**15.  Release**.  Upon the Effective Date, the Release attached hereto as Appendix "B" ("Release") shall be valid and binding against the Class Representatives and all Settlement Class Members who have not been recognized as excluded from the Settlement Class in Appendix "C" of this Final Order and Judgment.

**16.  Bar to Asserting Released Claims**.  Upon the Effective Date, the Class Representatives and all Settlement Class Members who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against the

Released Parties, and such Class Representatives and Settlement Class Members shall have released any and all Released Claims against the Released Parties.

**17.   Permanent Injunction.**  All Settlement Class Members who have not timely excluded themselves from the Settlement Class (and therefore are not listed on Appendix "C" hereto) are hereby permanently barred and enjoined from (a) filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Lawsuits and/or the Released Claims; (b) balance billing, collecting or attempting to collect from, or taking negative credit action against, any Released Party for any claims within the scope of the Released Claims; (c) organizing members of the Settlement Class who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Lawsuits and/or the Released Claims; and (d) taking any action inconsistent with the Release attached hereto as Appendix "B."

**18.   Enforcement of Settlement.**  Nothing in this Final Order and Judgment or any order entered in connection herewith shall preclude any action to enforce the terms of this Final Order and Judgment or the Stipulation.

**19.   Attorneys' Fees and Expenses.**  The Court approves a total collective payment of attorneys' fees, costs, and expenses to Feazell & Tighe LLP, Freed & Weiss LLC, The

Lakin Law Firm, P.C., and McNamara, Goldsmith, Jackson & Macdonald, P.C. in the aggregate amount of $7.8 million, as provided in the Settlement Stipulation and awarded by the court in the Garza Action at the fairness hearing in that matter, which payment will be separate from and will not diminish any Settlement Payments or other relief provided to Settlement Class Members.  Nationwide/Allied may fulfill its payment obligation as set forth in the Stipulation or as otherwise agreed by the foregoing counsel and Nationwide/Allied.  Nationwide/Allied shall make payment of the foregoing amounts awarded within thirty (30) days of the occurrence of the Effective Date, provided that written escrow instructions have been received by Nationwide/Allied's counsel as required in Section 10.01 in the Stipulation.  This Court shall retain concurrent jurisdiction with the court in the Garza Action regarding allocation of such amounts among Class Counsel, as provided in the Settlement Stipulation.

**20. Incentive Awards.**   The Court approves payment to the Class Representatives, Yolanda Garza, Acuna, P.T., Gerald H. Bemis, Sr., D.C., Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., and Macaela Cashman, in the amount of $5,000.00 each as compensation for their time and effort in connection with the litigation of this matter, as provided in the Settlement Stipulation and awarded by the Garza Court at the fairness hearing in that matter, which payment will be separate from and will not diminish any Settlement Payments or other relief provided to Settlement Class Members.

**21. No Other Payments.**  Paragraphs 19 and 20 of this Final Order and Judgment cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Class Representatives and/or Settlement Class Members, or incurred by the Class Representatives

and/or the Settlement Class Members, in connection with or related in any manner to this action, the settlement of this action, the administration of such settlement, and/or the Released Claims except to the extent otherwise specified in this Final Order and Judgment and the Stipulation.  Nationwide/Allied shall not be liable to the Class Representatives, Class Counsel or the Settlement Class Members for any additional attorneys' fees or expenses.

**22.  Modification of Stipulation.**  The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Stipulation and all Exhibits thereto as (a) shall be consistent in all material respects with the Final Orders and Judgments and (b) do not limit the rights of the Settlement Class Members.

**23.  Retention of Jurisdiction.**  The Courts shall have exclusive and continuing jurisdiction over the implementation, interpretation and execution of the Stipulation; of any orders and this Final Order and Judgment entered by the Courts; and/or of the conduct or the policies and procedures described herein, with respect to all parties hereto and all beneficiaries hereof, including all Settlement Class Members.

**24.  No Admissions.**  Neither this Final Order and Judgment, nor the Stipulation (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Stipulation) is, may be construed as, or may be used as an admission or concession by or against the Released Parties as to the validity of any claim or any actual or potential fault or liability.  Additionally, neither the Stipulation nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto or any of the Released Parties in any court,

administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Stipulation; provided, however, that this Final Order and Judgment and the Stipulation may be filed and used in any action, arbitration or other proceeding against or by the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

**25. No Representations Regarding Taxes.** The Court finds that the parties and their counsel have expressed no opinions concerning the tax consequences of the settlement to Settlement Class Members and have made no representations, warranties or other assurances regarding any such tax consequences. No opinions, representations, warranties, or other assurances shall be deemed to have been made by the parties or their counsel with respect to any such tax consequences by virtue of the Stipulation or by effectuating the settlement, and the parties and their counsel shall not be responsible or liable for any such tax consequences that may occur.

**26. Dismissal of Actions.** This action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice against the Class Representatives and all other Settlement Class Members, without fees or costs to any party except as specifically provided in this Final Order and Judgment. Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., Acuna, P.T., and Gerald H. Bemis, Sr., D.C., are hereby directed to dismiss with prejudice the Bemis Action and the Eavenson Action.

**27. Continuing Jurisdiction.** Without affecting the finality of this Final Order and Judgment, the Court, together with the court presiding over the Garza Action, reserves

14

1  continuing and exclusive jurisdiction over all matters relating to the administration,

2  implementation, effectuation and enforcement of this Final Order and Judgment.

3      Signed this 17 day of Mar. , 2008, at the courthouse for the United

4  States District Court for the District of Arizona.

5

6

7                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# APPENDIX "A":

## DEFINITIONS

Except where otherwise indicated, all capitalized terms used in the foregoing Order and in this Appendix "A" shall have the meanings set forth below.

**A.** **Bemis Action.** "Bemis Action" means *Gerald H. Bemis, Sr., D.C., et al. v. AMCO Insurance Company, et al.*, Circuit Court, Third Judicial Circuit, in and for Madison County, Illinois, Case No. 04 L 1006.

**B.** **Cashman Action.** "Cashman Action" means *Macaela Cashman v. Allied Property and Casualty Insurance Company, et al.*, U.S. District Court for the District of Arizona, Case No. CIV-05-415-TUC-RCC.

**C.** **Class Counsel.** "Class Counsel" means, collectively, the law firms of Feazell & Tighe LLP, Freed & Weiss LLC, The Lakin Law Firm, P.C., and McNamara, Goldsmith, Jackson & Macdonald, P.C.

**D.** **Class Member.** "Class Member" or "Settlement Class Member" means any Class Representative and any member of the Settlement Class who does not validly and timely elect exclusion from the Settlement Class as determined by the Courts, and each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

**E.** **Class Period.** "Class Period" means the period from December 1, 1992 through November 8, 2007.

**G.      Eavenson Action.** "Eavenson Action" means *Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C. v. Allied Property and Casualty Insurance Company, et al.,* Circuit Court, Third Judicial Circuit, in and for Madison County, Illinois, Case No. 03 L 1469.

**H.      Effective Date.** The "Effective Date" shall be the date when each and all of the following conditions have occurred: (1) The Stipulation has been fully executed by the Parties and their respective counsel; (2) Preliminary Approval Orders have been entered by the Courts certifying the Settlement Class, granting preliminary approval of the Stipulation, and approving the forms of the Mail Notice, Publication Notice and Claim Forms, all as provided in the Stipulation; (3) The approved Notice Plan has been duly promulgated as ordered by the Courts; (4) The Courts have entered Final Orders and Judgments finally approving this Stipulation; and (5) The Final Orders and Judgments have become Final.

**I.      Final.** "Final," means that (a) the Final Orders and Judgments are final, appealable judgments; and (b) either (i) no appeal(s) have been taken as of the date on which all times to appeal therefrom have expired, or (ii) if an appeal(s) or other review proceeding(s) have been commenced, such appeal(s) or other review(s) are finally concluded and no longer are subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal(s) or other review(s) have been finally resolved in such manner that affirms the Final Order and Judgment(s) appealed from in all material respects.

**J.      Garza Action.** "Garza Action" means *Garza v. Nationwide Mutual Insurance Company, et al.,* District Court of Nueces County, Texas, 148th Judicial Circuit, Cause No. 02-06322-E.

K.   **Lawsuits.** "Lawsuits" mean collectively the Garza Action, Cashman Action, Bemis Action, and Eavenson Action.

L.   **Named Plaintiffs.** "Named Plaintiffs" means Yolanda Garza, Acuna, P.T., Gerald H. Bemis, Sr., D.C., Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., and Macaela Cashman.

M.   **Nationwide/Allied.** "Nationwide/Allied" means the named defendants in the Lawsuits, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide General Insurance Company, Allied Property and Casualty Insurance Company, Allied Insurance and AMCO Insurance Company, and each and all of their present and former affiliates, related companies, parent companies, subsidiaries, predecessors, successors or assigns, whether or not named herein, including Nationwide Mutual Fire Insurance Company, Nationwide Insurance Company of America, Nationwide Life Insurance Company, Nationwide Assurance Company f/k/a Colonial Insurance Company, Nationwide Indemnity Company, Nationwide Corporation, Nationwide Insurance, Nationwide Affinity Insurance Company of America, National Casualty Company, Nationwide International Underwriters, Nationwide Lloyds, Depositors Insurance Company, CalFarm Insurance Company, Colonial County Mutual Insurance Company, Farmland Mutual Insurance Company, Lone Star General Agency, Inc., Allied Group, Inc., Allied General Agency Company, Colonial Insurance Company of California, Colonial Insurance Company of Wisconsin, Titan Indemnity Company, Titan Insurance Company and each and all of their respective past, present or future officers, directors, associates, stockholders, controlling persons, representatives, employees, attorneys,

A-3

accountants, financial or investment advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates or administrators.

**N.** **Plaintiffs.** "Plaintiffs" means any of the Class Representatives, including Yolanda Garza, Acuna, P.T., Gerald H. Bemis, Sr., D.C., Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., and Macaela Cashman, and the members of the Settlement Class, together with their heirs, successors, assigns, attorneys, agents, and representatives.

**O.** **Released Claims.** "Released Claims" means Released Claims as defined in the Release attached as Appendix "B" to this Final Order and Judgment.

**P.** **Released Parties.** "Released Parties" means Released Parties as defined in the Release attached as Appendix "B" to this Final Order and Judgment.

**Q.** **Stipulation.** "Stipulation" means the Stipulation of Class Action Settlement entered into by, between, and among Yolanda Garza, Acuna, P.T., Gerald H. Bemis, Sr., D.C., Mark J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C., and Macaela Cashman, and Nationwide/Allied filed with the Courts.

**R.** To the extent not defined above, any terms used herein shall have the meanings as set forth in the Stipulation.

# APPENDIX B

## RELEASE

The Named Plaintiffs, and all other Settlement Class Members who have not been recognized as excluded from the Settlement Class, hereby expressly acknowledge and agree, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, that they release and discharge the Released Parties of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against any of the Released Parties, either directly or indirectly, derivatively, on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity any right, liability, claim, or cause of action arising out of or relating to the Released Claims.

"Released Parties" means Nationwide/Allied, any person or entity covered or insured by Nationwide/Allied, and any third party that provided medical bill review or audit services to Nationwide/Allied.

"Released Claims" mean and include any and all rights, claims for relief or causes of action pursuant to any theory of recovery, including but not limited to claims based in contract or tort, common law or equity, and federal, state, or local law, statute, ordinance, rule or regulation, whether known or unknown, alleged or not alleged in the Lawsuits, suspected or unsuspected, contingent or matured, which the Named Plaintiffs or any Settlement Class Member had, now has, or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions, or oral or written statements or occurrences on or prior to November 8, 2007 involving, based on, arising out of, related to, or in any way connected with, directly or indirectly, the price or sum allowed or paid for medical or rehabilitative services or products, including without limitation reduction of amounts allowed or paid based upon reasonableness, usual and customary charges, geographical scope, and PPO or other negotiated or contractual pricing arrangements whether direct or through third parties.

Included as Released Claims, by example and without limitation, are claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, bad faith, willful and wanton conduct, breach of statutory duties, actual or constructive fraud, intentional or negligent misrepresentations, fraudulent inducement, outrageous conduct, statutory and consumer fraud, breach of fiduciary duty or quasi-fiduciary duty, unfair or deceptive business or trade or insurance acts or practices, insurance premium overcharges or a refund or rebate of premiums, anticipatory repudiation, restitution, rescission, reformation, injunctive or declaratory relief, claims for compensatory, consequential, and punitive or exemplary damages, damages based on statutory violations, remedies, or penalties, damages in excess of actual damages, damages for physical or bodily injury, or other injuries to person, property, or psyche, damages for emotional distress or mental anguish, lost wages, loss of income, attorneys' fees, interest, costs, penalties, and any other damages.

B-1

Expressly excluded from Released Claims are charges reduced or denied based upon: coverage denials, exhaustion of policy limits, application of a government sanctioned fee schedule, necessity or relatedness of treatment, independent medical examination, peer review, and insured deductible, co-pay or other contribution requirements under applicable law or policy terms.

The Named Plaintiffs and the Settlement Class Members expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

To the extent that, notwithstanding the choice of law provisions in the Stipulation, California or other law may be applicable, the Named Plaintiffs and the Settlement Class Members hereby expressly agree that the provisions, rights, and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction which may be applicable herein, are hereby knowingly and voluntarily waived and relinquished by the Named Plaintiffs and the Settlement Class Members to the fullest extent permitted by law solely in connection with unknown claims constituting Released Claims, and the Named Plaintiffs and the Settlement Class Members hereby agree and acknowledge that this is an essential term of this Release. In connection with this Release, the Named Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, the Named Plaintiffs and the Settlement Class Members acknowledge that a portion of the consideration received herein is for a release with respect to future damages and complaints, whether resulting from known injuries and consequences or from unknown injuries or unknown consequences of known or unknown injuries and state that it is the intention of the Named Plaintiffs and the Settlement Class Members in executing this Release fully, finally, and forever to settle and release all matters, known or otherwise, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action) constituting Released Claims.

Medical provider Settlement Class Members, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, release and discharge each insured Settlement Class Member from whom the medical provider Settlement Class Member received valid written

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

assignments of the claims that fall within the scope of Released Claims pursuant to this Release, and agree not to initiate or to discharge or dismiss with prejudice, as appropriate, any balance billing, credit reporting, collection activities, liens, actions or other proceedings arising out of or relating to such Released Claims, whether or not the medical provider Settlement Class Member has been paid in full for its charges.

Nothing in this Release shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

B-3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**APPENDIX "C":**

**OPT OUT LIST ATTACHED**

Garza Action (Cause No. 02-06322-E)
Cashman Action (Case No. CIV-05-415-TUC-RCC)

Requests for Exclusion/Opt Out List

| Exclusion Number | Claimant ID | Name | Address | City | State | Zip | Tax ID | Claimant Type |
|---|---|---|---|---|---|---|---|---|
| EX000001 | 8179715 | QUICK CARE CLINIC | 219 W BEL AIR AVE STE 2 | ABERDEEN | MD | 21001 | 522309318 | Provider |
| EX000002 | 10745311 | CAROLYN R. LMT TUSTIN | 726 TRUMBULL AVE SE | WARREN | OH | 44484 | | Provider |
| EX000003 | 906326 | LARRY ULBERG | | | | | | Patient |
| EX000004 | 3287644 | KATHLEEN MCCARTHY | | | | | | Patient |
| EX000005 | 1054132 | LOUIS ALTHOUSE | | | | | | Patient |
| EX000006 | 1100747 | PAUL LEATHERMAN | | | | | | Patient |
| EX000007 | 3617298 | CAROLYN A MANSFIELD | | | | | | Patient |
| EX000008 | 56366 | JANET JONES | | | | | | Patient |
| EX000009 | 1596892 | LORNA HEDINGER | | | | | | Patient |
| EX000010 | 6473617 | MARY DAVIS | | | | | | Patient |
| EX000011 | 19238791 | JERRY L KIRVES | 57 TOWNE PARK DR | LAWRENCEVILLE | GA | 30044 | 382617193 | Provider |
| EX000012 | 13198046 | GARY REID DC | 2009 AERO WAY STE 101 | MEDFORD | OR | 97504 | 900017199 | Provider |
| EX000013 | 14644658 | LANGEL CHIROPRACTIC, PC | 5907 ASHWORTH RD | W DES MOINES | IA | 50266 | 421484053 | Provider |
| EX000014 | 2803371 | LANGEL, RODNEY D | 5907 ASHWORTH RD | W DES MOINES | IA | 50266 | 421484053 | Provider |
| EX000015 | 2299525 | NORTHLAND ANESTHESIOLOGY INC. | 2800 CLAY EDWARDS DR | N KANSAS CITY | MO | 64116 | 431795940 | Provider |
| EX000016 | 2304038 | PAIN SOURCE SOLUTIONS INC | 2800 CLAY EDWARDS DR | KANSAS CITY | MO | 64116 | 200547130 | Provider |
| EX000017 | 99997793 | ROBERT WRIGHT MD | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000018 | 99997816 | GREGORY WIDRIG MD | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000019 | 99997830 | JOSEPH TAYLOR | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000020 | 99997847 | MICHAEL SEDLACEK MD | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000021 | 99997854 | PAUL KRUG, MD | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000022 | 99997861 | EMAD ISRAEL MD | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000023 | 99997755 | BRUCE DURKEE MD | PO BOX 7391 | NORTH KANSAS CITY | MO | 64116 | | Provider |
| EX000024 | 99997762 | LARRY DAVIS DO | PO BOX 7391 | NORTH KANSAS CITY | MO | 64116 | | Provider |
| EX000025 | 99997779 | JOHN A CILIBERTI DO | PO BOX 7391 | KANSAS CITY | MO | 64116 | | Provider |
| EX000026 | 99997786 | SEAN CLINEFELTER MD | PO BOX 7391 | NORTH KANSAS CITY | MO | 64116 | | Provider |
| EX000027 | 99997809 | PATRICK GRIFFITH MD | PO BOX 7391 | NORTH KANSAS CITY | MO | 64116 | | Provider |
| EX000028 | 99997823 | PATRICIA YOUNG | PO BOX 7391 | NORTH KANSAS CITY | MO | 64116 | | Provider |
| EX000029 | 4036777 | JUNE COX | | | | | | Patient |
| EX000030 | 4346647 | LISA BECKS | | | | | | Patient |
| EX000031 | 4323839 | KYLEE M EDWARDS | | | | | | Patient |
| EX000032 | 7325991 | WILLIAM STRINDEN | 116 CHRISTIE DR | LUFKIN | TX | 75904 | 752717405 | Provider |
| EX000033 | 4545958 | MICKEY L MARTIN | | | | | | Patient |
| EX000034 | 144957 | JOHN POST | | | | | | Patient |
| EX000035 | 329675 | MICHELLE STUCKEY | | | | | | Patient |
| EX000036 | 1127935 | JEFFERY VERNOR | | | | | | Patient |
| EX000037 | 841573 | DAN ULRICH | | | | | | Patient |
| EX000038 | 8170057 | RITA J STEFFEY | 120 W JACKSON ST | SHELBYVILLE | IN | 46176 | 351416306 | Provider |
| EX000039 | 4247548 | BENJAMIN E HARGROVE | | | | | | Patient |
| EX000040 | 2229348 | THE KANSAS CITY NEUROSURGERY GROUP, LLC | 2750 CLAY EDWARDS DR STE 410 | KANSAS CITY | MO | 64116 | 431846258 | Provider |
| EX000040 | 2219110 | THE KANSAS CITY NEUROSURGERY GROUP, LLC | 4400 BROADWAY ST STE 510 | KANSAS CITY | MO | 64111 | 431846258 | Provider |
| EX000041 | 204832292 | PAUL CAMARATA MD | 4400 BROADWAY | KANSAS CITY | MO | 64111 | | Provider |
| EX000042 | 204832308 | ERIC FLORES MD | 4400 BROADWAY | KANSAS CITY | MO | 64111 | | Provider |
| EX000043 | 204832315 | PHILLIP HYLTON MD | 4400 BROADWAY | KANSAS CITY | MO | 64111 | | Provider |

Private information for patients and some individual providers has been redacted for public filing.
The information is available to the Court upon request.

Garza Action (Cause No. 02-06322-E)
Cashman Action (Case No. CIV-05-415-TUC-RCC)

Requests for Exclusion/Opt Out List

| Exclusion Number | Claimant ID | Name | Address | City | State | Zip | Tax ID | Claimant Type |
|---|---|---|---|---|---|---|---|---|
| EX000044 | 204832322 | STEPHEN REINTJES MD | 4400 BROADWAY | KANSAS CITY | MO | 64111 | | Provider |
| EX000045 | 204832339 | TIMOTHY STEPP | 4400 BROADWAY | KANSAS CITY | MO | 64111 | | Provider |
| EX000046 | 204832346 | DARREN LOVICK | 4400 BROADWAY | KANSAS CITY | MO | 64111 | | Provider |
| EX000047 | 80446 | GARY DYESS | | | | | | Patient |
| EX000048 | 849760 | DON GOODWATER | | | | | | Patient |
| EX000049 | 1159455 | STATIA HAMEL | | | | | | Patient |
| EX000050 | 3869345 | JOSEPHINE WHEELER | | | | | | Patient |
| EX000051 | 22163 | DAVID PETERSON | | | | | | Patient |
| EX000052 | 3878118 | ALICE R SPEARS | | | | | | Patient |
| EX000053 | 522182 | GENE RINCKER | | | | | | Patient |
| EX000054 | 20443771 | EILEEN MUZINA | | | | | | Patient |
| EX000055 | 1215137 | EDMUND GROGAN | | | | | | Patient |
| EX000056 | 1331226 | JENNIFER GROGAN | | | | | | Patient |
| EX000057 | 19134543 | AARON C FERGUSON | 14205 WEEPING WILLOW DR APT 32 | SILVER SPRING | MD | 20906 | 201390162 | Provider |
| EX000058 | 1215465 | MICHELLE PORTER | | | | | | Patient |
| EX000059 | 1608243 | JOHN MCGOWEN | | | | | | Patient |
| EX000060 | 1494860 | THOMAS MILLENKAMP | | | | | | Patient |
| EX000061 | 1326369 | CORY CUBERWORTH | | | | | | Patient |
| EX000062 | 226547 | RONALD DALRYMPLE | | | | | | Patient |
| EX000063 | 1147575 | DEBRA DOWDY | | | | | | Patient |
| EX000064 | 14048210 | CONCORD IMAGING CENTER | 2 1/2 BEACON ST STE 7 | CONCORD | NH | 3301 | 20307259 | Provider |
| EX000065 | 8022370 | UNIVERSITY HOSPITAL | 1350 WALTON WAY | AUGUSTA | GA | 30901 | 581581103 | Provider |
| EX000065 | 1699784 | UNIVERSITY HOSPITAL/OCCUPATIONAL HEALTH | 1350 WALTON WAY | AUGUSTA | GA | 30901 | 581581103 | Provider |
| EX000066 | 3904671 | DEAANNA R BRUCE (F.K.A.) | | | | | | Patient |
| EX000067 | 204832681 | RETINA INSTITUTE OF VIRGINIA | 8700 STONY POINT PARKWAY | RICHMOND | VA | 23235 | 541950215 | Provider |
| EX000068 | 6965518 | CENTRAL DUPAGE HOSPITAL | DEPT 4698 | CAROL STREAM | IL | 60122 | 362513909 | Provider |
| EX000068 | 1908350 | CENTRAL DUPAGE HOSPITAL | 25 N WINFIELD RD | WINFIELD | IL | 60190 | 362513909 | Provider |
| EX000069 | 16483620 | ERIN GRABE | 1211 W MAIN ST | MARSHALLTOWN | IA | 50158 | 480792720 | Provider |
| EX000070 | 80187 | CHARLES MORRIS | | | | | | Patient |
| EX000071 | 49122 | BARBARA MARCHIO | | | | | | Patient |
| EX000072 | 4519928 | SHERRIE JONES | | | | | | Patient |
| EX000073 | 1156201 | TOM TOTTE | | | | | | Patient |
| EX000074 | 204832728 | QUEST DIAGNOSTICS INCORPORATED | 3 GIRALDA FARMS | MADISON | NJ | 7940 | | Provider |
| EX000075 | 1632392 | NATHAN S CONLEE CHIRO PHYS | 3020 N COUNTRY CLUB RD | TUCSON | AZ | 85716 | 860677185 | Provider |

Private information for patients and some individual providers has been redacted for public filing.
The information is available to the Court upon request.